UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

ALLIED PORTABLES, LLC,

Debtor.
_____/

Case No. 9:17-bk-00865
Chapter 11

**EMERGENCY HEARING REQUESTED**

**DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO ENTER INTO SECURED BUSINESS CHARGE ACCOUNT AGREEMENT WITH WEX BANK**

ALLIED PORTABLES, LLC, Debtor-in-Possession ("Debtor"), by and through its undersigned hereby seeks the entry of an Order authorizing the Debtor to enter into a post-petition secured business charge account agreement providing for the payment of charges through automatic debits for fuel charges ("Agreement") with WEX Bank ("WEX") with all amounts advanced by WEX under the Agreement to be secured by a cash deposit to be held by WEX in the amount of $30,000, pursuant to 11 U.S.C §§ 363(b), 364(c) and 105(a), and respectfully states as follows:

1. On February 1, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is in the port-a-let business. As a regular part of its business, the Debtor uses trucks to move and maintain its port-a-let equipment.

3. Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor is continuing as a Debtor-in-Possession.

4. An Official Committee of Unsecured Creditors has not been appointed as of the filing of this pleading.

5. This Court has jurisdiction herein pursuant to 28 U.S.C. §1334 and §158. This is a core matter under section 157(b) of the Bankruptcy Code. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 4109.

6. The Debtor owns and operates multiple trucks necessary and critical to its business. The trucks are used to transport and maintain the port-a-lets. Pre-petition, the Debtor had used WEX credit cards for fueling its trucks. The Debtor had entered into the pre-petition credit card agreement with WEX.

7. Pre-petition, the Debtor had approximately 36 trucks[1] and 24 authorized cards in use. The outstanding pre-petition indebtedness to WEX is $19,798.79. WEX is included as part of the Debtor's Motion to Pay Critical Vendors that is being filed separately. The Debtor averages $15,000 in WEX fuel charges per month on the high end. WEX froze the authority to use the Debtor's charge cards on the Petition Date. Some of the Debtor's trucks were stranded over the weekend and remain stranded as WEX will not allow further charges absent Court approval of the Agreement.

8. WEX asserts that Section 365(e)(2)(B) of the Bankruptcy Code prevents the Debtors from assuming the pre-petition credit card agreement as it is a contract for financial accommodation.

9. Subject to Court approval, the Debtor is willing to enter into the Agreement, to be secured by the proposed $30,000.

10. The Debtor's use of its trucks is absolutely necessary for its business and it uses its trucks to transport the port-a-lets in the ordinary course of the Debtor's business. Pre-petition, the Debtor used the WEX charge cards to fuel its fleet of trucks. WEX is an FDIC-insured institution

---

[1] Some of the Debtor's trucks obtain fuel on-site and do not necessarily travel far enough to require fuel again during a day's run. The Debtor's on-site fuel is delivered by another vendor.

and a leading provider of commercial fleet charge card services in the United States. WEX charge cards are unique in that they allow the drivers to only use these cards for fuel and fuel related items and employees may not use the cards for other purposes. Thus, they enhance management's ability to monitor, track and review fuel consumption and prevent abuse.

11. Section 363(b)(1) of the Bankruptcy Code provides that the "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363 (b)(1). The use, sale of lease of property of the estate, other than in the ordinary course of business, is authorized when there is a "sound business purpose" that justifies such action. *In re Continental Airlines, Inc.,* 780 F.2d 1223, 1225-26 (5th Cir. 1986), *In re Lionel,* 722 F.2d 1063, 1070 (2nd Cir. 1983); *In re BDK Health Management, Inc.,* 1998 WL 34188241, *5 (Bankr. M.D. Fla. Nov. 16, 1998).

12. The business judgment rule is a "policy of judicial restraint born of the recognition that directors are, in most cases, more qualified to make business decisions than are judges." *International Ins. Co. v. Johns,* 874 F.2d 1447, 1458, no. 20 (11th Circ. 1989). In that regard, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.,* 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). "Courts should approve an exercise of a debtor's business judgment unless it is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *In re Friedman's Inc.,* 336 B.R. 891 (Bankr. S.D. Ga. 2005) (citing to *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985)).

13. The Debtor submits that it is in the exercise of sound business judgment to enter into the Agreement and post the deposit of $30,000. Failure to do so could result in the significant

disruption to the Debtor's business operations by requiring an immediate alternative arrangement for charging fuel, oil and other automotive items for the Debtor's fleet.  The Debtor's operations have already been impacted, with trucks stranded over the weekend.

14. Under 11 U.S.C. §364(c), a debtor may, in the exercise of its business judgment, incur secured debt if the debtor has been unable to obtain unsecured credit and the borrowing is in the best interest of the estate.  Under section 364(c), if a debtor cannot obtain post-petition credit on an unsecured basis, a court may authorize the debtor to obtain credit or incur debt that is secured by a lien on unencumbered property or secured by a junior lien on encumbered property.  The Debtor has been unable to obtain a similar fuel charge card on an unsecured basis.  Thus, the Debtor believes that the WEX Agreement is the best option available.

**WHEREFORE**, THE Debtor respectfully requests that the Court enter an Order granting it authority to enter into the proposed Agreement with a $30,000 security deposit.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by the Court's CM/ECF system to the creditors and parties in interest listed on the attached creditor matrix on February 6, 2017.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Michael C. Markham
Michael C. Markham (FBN:  0768560)
401 E. Jackson St., Suite 3100 (33602)
P.O. Box 1100
Tampa, FL  33601-1100
Telephone:     813-225-2500
Facsimile:     813-223-7118
Email:  Mikem@jpfirm.com
Attorneys for Debtor

3871015_1