UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

ALLIED PORTABLES, LLC,

Case No. 9:17-bk-00865-FMD
Chapter 11

[The United States Trustee requests that this matter be set for hearing on an expedited basis.]

Debtors.
_____/

**UNITED STATES TRUSTEE'S EXPEDITED
MOTION TO DISMISS OR CONVERT CHAPTER 11 CASES**

Guy G. Gebhardt, the Acting United States Trustee for Region 21, by and through his undersigned counsel, hereby requests that the Court dismiss or convert the above-styled cases pursuant to 11 U.S.C. § 1112(b) for the following reasons:

The Debtor has failed to file the List of 20 Largest Creditors, which is required to be filed with the petition, and used for service of papers and to solicit committee participation. This document is especially essential in this case where the Debtor seeks to approve (a) continued employment of a recently retained chief restructuring officer amidst allegations that Connie Adamson, who owns 51 percent of the company, misappropriated the Debtor's assets; (b) pay critical vendors; and (c) borrow money on a secured basis to pay one of those vendors.

The recently filed Case Management Summary appears to suggest that the Debtor is a "small business debtor." If so, the Debtor failed to identify itself as a "small business debtor" in the petition and failed to append to the petition the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return.[1] These failures collectively reduce participation in the bankruptcy case and render parties less informed than the Code demands.  Consequently, dismissal or conversion is appropriate for the reasons more fully set forth below:

1. On May 11, 2015, the Debtor and Ms. Adamson filed a lawsuit against Robin Youmans and others in United States District Court, Middle District of Florida, Ft. Myers Division (2:15-cv-00294-PAM-CM).

2. As part of that litigation, Ms. Youmans filed on December 9, 2016, an amended counterclaim against Ms. Adamson and Allied Portables, LLC, in which she alleged that, "Adamson, through her agents, has misappropriated assets belonging to Allied by charging personal expenses to Allied and using Allied's assets for personal purposes and has conducted the operations and affairs of Allied as if it were a family enterprise without regard or obligation to members not affiliated with the Adamson family." Among other things, Youmans requested an accounting because "Adamson's control, mismanagement and misuse of the corporate assets of Allied renders it difficult, if not impossible, for Youmans to obtain full and complete recovery of the losses sustained by Allied without first obtaining an accounting from Adamson for all loss and damage caused by her misuse and misappropriation of Allied's funds for her

---

[1] If all of these documents do not exist, the Debtor may alternatively follow the procedure set forth in 11 U.S.C. § 1116(1)(B).

own personal benefit and the benefit of her family." Youmans further alleges that Adamson breached her fiduciary duty.[2]

3.  On February 1, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor failed to file with the voluntary petition a List of 20 Largest Creditors as required by Fed. R. Bank. P. 1007(d) and Local Rule 1007-1. Fed. R. Bankr. P. 9006(b)(2) precludes enlargement of the deadline to file the List. "In the interest of prompt administration of bankruptcy cases certain time periods may not be extended."[3]

4.  The filing of this List is critical because it becomes the "Local Rule 1007-2 Parties in Interest List." The United States Trustee uses the List to invite persons to serve on a possible creditors committee. By not filing the List, the United States Trustee is deterred from inviting persons to serve on a creditors committee. The United States Trustee has the statutory duty to appoint a committee as soon as practicable. The Debtor's failure is of particular concern in a case where the Debtor seeks to approve continued employment of chief restructuring officer amidst allegations of misappropriation, payment of a critical vendor, and secured borrowing.

5.  On February 2, 2017, the Debtor, Adamson, Youmans and others filed a Joint Stipulation for Voluntary Dismissal without Prejudice by all Parties as to All Claims in the District Court action. Dismissal of that cause action is not an ordinary course event contemplated by § 363(c)(1).

---

[2] See pages 31-36 of Defendant's, Robin Youmans, Amended Answer, Affirmative Defenses, Counterclaim and Demand for Jury Trial, attached as an Exhibit to the instant motion.
[3] *See* Fed. R. Bankr. P. 9006 advisory committee's notes.

6.     On February 6, 2017, the Debtor filed a Case Management Summary, which appears to disclose approximately $1.855 million in non-insider debt, which would render the Debtor a "small business debtor" under § 101(51D). If the Debtor is a "small business debtor" under § 1116(1), it had a duty to append to the petition its most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return. If the financial statements have not been prepared or the tax returns not filed, then it must append a statement under penalty of perjury to that effect. If the Debtor is indeed a "small business debtor," it failed to append any documents in compliance with § 1116(1).

7.     Dismissal or conversion of chapter 11 cases is governed by 11 U.S.C. § 1112(b), which states in relevant part:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
> (i) for which there exists a reasonable justification for the act or omission; and
> (ii) that will be cured within a reasonable period of time fixed by the court. . . .
>
> (4) For purposes of this subsection, the term 'cause' includes—
>
> (B) gross mismanagement of the estate;

. . .

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; . . .

6. The Debtor's failures to timely file a List of 20 Largest Creditors and the documents required by § 1116(b) provides a basis for the Court to dismiss or convert this chapter 11 case.

WHEREFORE, the United States Trustee moves this Court pursuant to 11 U.S.C. § 1112(b) to either dismiss the chapter 11 case, convert the chapter 11 case to one under chapter 7 of Title 11, or grant such other and further relief that the Court may deem appropriate.

>	Respectfully submitted,
>	Guy G. Gebhardt
>	Acting United States Trustee--Region 21
>
>	By: /s/BENJAMIN E. LAMBERS
>	    Benjamin E. Lambers
>	    Trial Attorney
>	    Fla. Bar No. 774197
>	    501 E. Polk Street, Suite 1200
>	    Tampa, FL  33602
>	    (813)228-2000
>	    (813)228-2303--facsimile
>	    Ben.E.Lambers@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the United States Trustee's Motion to Dismiss or Convert has been served by electronic or United States Mail on the parties listed below on or before February 8, 2017.

Allied Portables, LLC
PO Box 61809
Fort Myers, FL 33906

Michael C Markham
Johnson Pope Bokor Ruppel & Burns LLP
Post Office Box 1100
Tampa, FL 33601-1100

/s/BENJAMIN E. LAMBERS
Attorney